OPINION & ORDER
 

 EDELSTEIN, District Judge:
 

 This opinion emanates from the voluntary settlement of an action commenced by plaintiff United States of America (“the Government”) against,
 
 inter alia,
 
 defendants International Brotherhood of Teamsters (“the IBT” or “the Union”) and the IBT’s General Executive Board. This settlement is embod
 
 *227
 
 ied in the voluntary consent order entered on March 14,1989 (“the Consent Decree”). The goal of the Consent Decree is to rid the IBT of the hideous influence of organized crime through a two-phased implementation of the Consent Decree’s various remedial provisions. These provisions provided, in the first phase of the Consent Decree, for three court-appointed officials: the Independent Administrator to oversee the Consent Decree’s provisions, the Investigations Officer to bring charges against corrupt IBT members, and the Election Officer to supervise the electoral process that led up to and included the 1991 election for International Union Office. In the second phase of the Consent Decree, the Independent Administrator was replaced by a three-member Independent Review Board. Further, paragraph 12(D)(ix) of the Consent Decree provides that “the union defendants consent to the Election Officer, at Government expense, to supervise the 1996 IBT Elections.”
 

 By Stipulation and Order dated February 7, 1995, the Consent Decree was amended to reflect the parties’ agreement regarding the means of implementing Paragraph 12(D)(ix) of the Consent Decree, which pertains to supervision of the 1995-96 IBT election.
 
 See
 
 Stipulation & Order Implementing Paragraph 12(D)(ix) of the March 19, 1989 Consent Decree (S.D.N.Y. Feb. 7, 1995) (“the February 7, 1995 Order”). The February 7, 1995 Order states that “it is the intention of the Government and the IBT that the Election Officer function in 1996 as similarly as possible to the 1991 Election Officer,”
 
 id.
 
 at 2, and it confers upon the Election Officer “[a]ll rights and duties conferred upon the 1991 Election Officer by paragraph 12 of the Consent Decree,”
 
 id.
 
 ¶ 1, including “the authority granted by Paragraph 12(1) of the Consent Decree to make applications to the Court, after giving notice to specified parties.”
 
 Id.
 
 ¶ 3(c). Pursuant to her authority under the Consent Decree, the Election Officer promulgated
 
 Rules for the 1995-1996 IBT International Union Delegate and Officer Election
 
 (“the
 
 Election Rules”),
 
 which this Court approved in their entirety.
 
 United States v. International Bhd. of Teamsters, et al.,
 
 896 F.Supp. 1349 (S.D.N.Y.1995),
 
 ajfd as modified,
 
 86 F.3d 271 (2d Cir.1996). The Election Officer also promulgated
 
 Supplementary Election Officer Rules for the 1996 IBT Convention Floor Nominations and Nomination Voting
 
 (“the
 
 Convention Rules
 
 ”), which were approved by this Court in their entirety.
 
 United States v. International Bhd. of Teamsters, et al,
 
 88 Civ. 4486, Order (S.D.N.Y. May 23, 1996). Both the
 
 Election Rules
 
 and the
 
 Convention Rules
 
 establish a set of procedures that are designed to ensure that the 1996 IBT Convention (“the Convention”), which will be held on July 15-19 in Philadelphia, Pennsylvania, will be conducted in an open, honest, and democratic fashion.
 

 Currently before this Court is Election Officer Application V, in which the Election Officer seeks an Order from this Court enjoining “the IBT, its members and affiliates ... from seeking to implement any Constitutional amendment which would require a debate among candidates for International office at the 1996 Convention.” (Memorandum of Law in Support of Election Officer Application V for an Order Enjoining Interference with Her Supervisory Authority (“EO’s Memo”) at 17 (July 8, 1996).) The Election Officer represents that James P. Hoffa (“Hoffa”) has proposed an amendment to the IBT Constitution that seeks “to compel a debate among candidates for general president of the IBT.”
 
 Id.
 
 at 2. The proposed amendment states:
 

 If more than one member is nominated for the office of General President, a debate shall be conducted among the members so nominated at a plenary session on the fifth day of the Convention. The debate shall be for a total of one (1) hour and shall be videotaped. Each candidate shall be allowed a five (5) minute opening statement, a two (2) minute rebuttal to opening statement(s) and a three (3) minute closing statement. During the remaining time, the nominees shall respond to questions drawn at random from those deposited by the delegates in a clear-sided receptacle maintained in front of the podium in open view. Each candidate shall be given two (2) minutes to respond to each question and the order of responding to the questions shall alternate between or rotate
 
 *228
 
 among the nominees as the ease may be. The nominee nominated with the highest number of delegate votes shall have the choice of order with respect to both opening and closing statements. The nominee nominated with the second highest number of delegate votes shall have the second choice and so on. The General Secretary-Treasurer shall cause copies of the videotape to be made and distributed to each Local Union and all other affiliates within two (2) weeks of the close of the Convention. The General Secretary-Treasurer shall make additional copies of the tape available to members at cost upon written request.
 

 (Attached as Exhibit 3 to Declaration of Barbara Zack Quindel in Support of Election Officer Application V (July 8, 1996).) The Election Officer asserts that such an amendment would interfere with the Election Officer’s exclusive authority to establish the rules that govern the IBT Convention. (EO’s Memo at 2.) The Election Officer contends that the amendment proposed by Hoffa (“the proposed amendment”) “is a dear and direct intrusion upon the authority and discretion of the Election Officer and therefore cannot be permitted to apply to the 1996 election.”
 
 Id.
 
 at 2-3.
 

 The Election Officer sought to bring the instant Application by Order To Show Cause, arguing that immediate relief from this Court was necessary in light of the fact that the Convention is scheduled to commence on July 15. On July 9, 1996, this Court signed an Order To Show Cause, ordering:
 

 the Office of the United States Attorney for the Southern District of New York (“the Government”), the International Brotherhood of Teamsters, and James P. Hoffa, Jr., by their respective attorneys who are admitted to practice before this Court, shall appear before this Court, in Courtroom 1105 of the United States Courthouse, Foley Square, New York, New York, on
 
 July 10, 1996, at 2:30 p.
 
 to. to show cause why this Court should not enter an Order: (1) enjoining the IBT and any members thereof from interfering with the Election Officer’s supervisory authority by attempting to implement a constitutional amendment that convenes or compels a debate among candidates for International office during the 1996 IBT International Convention; and (ii) awarding the Election Officer such other and further relief as the Court deems just and proper.
 

 United States v. International Bhd. of Teamsters, et al.,
 
 88 Civ. 4486, 1996 WL 408611, Order To Show Cause (July 9, 1996). Prior to the hearing contemplated in this Court’s July 9, 1996, Order To Show Cause, this Court received memoranda of law from the Government and Hoffa’s attorney, respectively. (Government’s Memorandum of Law in Support of Election Officer Application No. V (For an Order Enjoining Interference with the Election Officer’s Supervisory Authority) (“Govt. Memo”) (July 10, 1996)); (Memorandum of Law in Response to Order To Show Cause on Behalf of James P. Hoffa (“Hoffa’s Memo”) (July 9, 1996).) On July 10, 1996, this Court conducted a hearing and heard argument from the Election Officer, the Government, the IBT, and counsel for Hoffa. This Court reserved decision.
 

 The Election Officer represents that the proposed amendment improperly infringes on her authority. The Election Officer contends that “[t]he fundamental problem with the proposed debate amendment is that it intrudes upon the broad authority of the Election Officer to supervise all facets of the International officer elections.” (EO’s Memo at 9-10.) The Election Officer argues that under the decisions of this Court and the Second Circuit, “the Election Officer has substantial discretion in setting the Election Rules, as well as in taking any other necessary actions to insure free and fair elections.”
 
 Id.
 
 at 11. The Election Officer asserts that “[pjursuant to this broad authority, the Election Officer has extensively regulated the election process through the promulgation of detailed and comprehensive rules.”
 
 Id.
 
 The Election Officer contends that the proposed amendment conflicts with Article VIII, section 6 of the
 
 Election Rules,
 
 which states in relevant part: “The Election Officer may schedule and conduct International Officer candidate forums.” In her memorandum of law, the Election Officer argues that the proposed amendment “directly conflicts with Article VIII[,] § 6 in two respects. First the
 
 *229
 
 amendment usurps the discretion of the Election Officer to schedule and conduct forums and mandates that a particular type of forum — a debate — be held at the time of the Convention, subject to explicit rules as to how it will be conducted. Secondly, under the amendment, the IBT, and not the Election Officer, would conduct the debate.” (EO’s Memo at 13-14.) The Election Officer reiterated these arguments in open Court.
 
 (United States v. International Bhd. of Teamsters, et al.,
 
 88 Civ. 4486, Transcript of Hearing (“TR”) at 5-6 (July 10,1996).)
 

 The Government has expressed support for the Election Officer’s Application. The Government contends that “[ujnder the Consent Decree, the Election Officer has complete supervisory authority over the 1996 IBT election.” (Govt. Memo at 3.) The Government asserts that “[ujnder the Consent Decree, the Election Officer is entrusted to determine the best manner in which to conduct a free, fair, democratic and informed election.” (Govt. Memo at 4r-5 (citing
 
 United States v. International Bhd. of Teamsters, et al.,
 
 86 F.3d 271, 273-74 (2d Cir.1996)).) The Government argues that “in approving the 1996 Election Rules, this Court and the Second Circuit rejected challenges based on disagreements with the Election Officer over the best way to conduct the election.”
 
 Id.
 
 at 5.
 

 The Government further contends that Hoffa is mistaken in arguing that the Convention is a “supreme authority” with regard to Election Rules. The Government asserts that “[tjhis Court and the Second Circuit ... have already conclusively determined that the IBT Convention is not the ‘supreme authority’ with respect to matters arising under the Consent Decree.” (Govt. Memo at 6 (citing
 
 United States v. International Bhd. of Teamsters, et al.,
 
 764 F.Supp. 787, 792 (S.D.N.Y.),
 
 affd,
 
 940 F.2d 648 (2d Cir.),
 
 cert. denied,
 
 502 U.S. 819, 112 S.Ct. 76, 116 L.Ed.2d 50 (1991)).)
 

 The Government agrees with the Election Officer that the proposed amendment “interferes with the Election Officer’s supervision of the 1996 election.” (Govt. Memo at 8.) Like the Election Officer, the Government asserts that the proposed amendment is inconsistent with Article VIII, section 6 of the
 
 Election Rules. Id.
 
 8-9. Moreover, the Government argues that “[ejven if the 1996 Election Rules had not specifically set forth a rule regarding candidate forums, the Convention would still not be free to impose a forum or debate requirement.”
 
 Id.
 
 at 9. The Government contends that the entire 1996 IBT Elections are governed by the
 
 Election Rules
 
 and the supplementary rules promulgated by the Election Officer, and that such rules “reflect the choices made by the Election Officer in her discretion as to what to include and what not to include in the rules governing the election.”
 
 Id.
 
 The Government argues that the fact that the
 
 Election Rules
 
 do not to include a rule providing for debate at the Convention — as the proposed amendment provides for — demonstrates that the Election Officer has decided not to promulgate such a rule, and thus “[tjhe absence of a specific rule providing for a debate at the Convention therefore does not open up the field to the Convention to promulgate additional rules regarding the 1996 election.”
 
 Id.
 
 at 10.
 

 Although the IBT did not submit a memorandum of law in response to the instant application, counsel for the IBT appeared at the hearing. The IBT asserted that the “IBT does not oppose this application” and that the IBT “believe[sj that the election officer has properly described her rule, the rule she has promulgated in her authority.” (Tr. 14.)
 

 In opposition to Election Officer Application V, Hoffa’s counsel submitted a memorandum of law and argued in open Court. Hoffa raises four objections to the instant application. First, he contends that the Election Officer improperly brought the instant motion by Order To Show Cause because the Election Officer has failed to demonstrate any irreparable harm. Hoffa contends that the Court need not consider the Election Officer’s objections to the proposed amendment at this time because “[ijf the amendment passes, surely the Court may then consider whether to vacate it.” (Hoffa’s Memo at 6.) At oral argument, however, Hoffa’s counsel appeared to abandon this argument, stating that he believed
 
 *230
 
 that the fact that the instant dispute was before the Court was “wonderful, because at least we will have some idea of what the Court’s views are on this kind of thing.
 
 We think it is appropriate that the Court have an opportunity to rule on this issue and get this thing resolved so that we don’t have confusion at the convention.”
 
 (Tr. 18. (emphasis added).)
 

 Second, Hoffa contends that the Election Officer improperly brought the instant application by Order To Show Cause because she failed to satisfy the requirements of this Court’s Individual Rule 5. (Hoffa’s Memo at 6.) Once again, however, it appears that Hoffa abandoned this argument when his counsel stated in open Court that “[w]e think it is appropriate that the Court has an opportunity to rule on this issue and get this resolved so that we don’t have confusion at the convention.” (Tr. 18.)
 

 Third, Hoffa contends that this Court should deny the instant application because the proposed amendment does not violate the Consent Decree. (Hoffa’s Memo at 7 (“Respondent’s proposed amendment does not violate either general principle, much less any of the provisions in the Consent Decree or the Election Rules.”).) Hoffa argues that the proposed amendment “does not undo reform; it only seeks to enhance it.”
 
 Id.
 
 Hoffa asserts that he “fully embraces the goals, objectives and specific requirements of the Consent Decree, in particular those mandating that there be a fair, honest, open and informed election.”
 
 Id.
 
 He contends that the proposed amendment “if passed by the democratically elected delegates to the Convention, would further these goals.”
 
 Id.
 

 Fourth, in his memorandum of law, Hoffa contends that the relief requested in the instant application is an improper prior restraint on Hoffa’s right to freedom of speech.
 
 Id.
 
 at 8. Hoffa asserts that “[without so much as a suggestion from the Election Officer that consideration of this proposal by the Convention would somehow harm or impair the Consent Decree at all, let alone irreparably, we respectfully submit that the Election Officer’s request for an order enjoining Respondent from proposing and advocating his debate amendment at the Convention is groundless.”
 
 Id.
 
 at 9. At oral argument, however, Hoffa’s attorney appeared to abandon this argument, after hearing argument from the Election Officer and the Government that the Election Officer only sought to enjoin
 
 implementation
 
 of the proposed amendment and did not seek to enjoin debate or advocacy of this amendment. (Tr. 4, 8 (Election Officer); Tr. 13 (Government).) At oral argument, Hoffa’s counsel stated: “My concern basically, I think, has been rectified because in the scope of this argument, the nature of the injunctive relief, as I understood it, being requested has been narrowed substantially.” (Tr. 19.)
 

 DISCUSSION
 

 By conferring on the 1996 Election Officer “all rights and duties conferred upon the 1991 Election Officer by paragraph 12 of the Consent Decree,” this Court’s February 7, 1995, Order conferred broad authority on the Election Officer to supervise all facets of the 1996 IBT Elections. Like the 1991 Election Officer, the 1996 Election Officer “has broad authority to ‘supervise’ the IBT election process” and has “substantial discretion to impose election rules and procedures that ensure that the upcoming elections are free, fair and informed.”
 
 United States v. International Bhd. of Teamsters et al.,
 
 931 F.2d 177, 187 (2d Cir.1991). The “expansive and proactive” authority granted to the Election Officer encompasses the “[cjomplete supervision of all facets of the election process.”
 
 United States v. International Bhd. of Teamsters et al.,
 
 742 F.Supp. 94, 106 (S.D.N.Y. 1990),
 
 ajfd as modified,
 
 931 F.2d 177 (2d Cir.1991). As this Court previously has held, “the Election Officer must oversee each and every facet of this election in order to prevent any possibility of fraud, coercion, intimidation, harassment, or threat in any of its varied forms.”
 
 Id.
 
 In light of the broad oversight responsibilities of the Election Officer, this Court has found that “it is within the scope of the duties of the Election Officer to take any further reasonable actions necessary to carry out [his or her] duties as Election Officer and ensure fair elections for the IBT membership.”
 
 United States v. International Bhd. of Teamsters, et al.,
 
 723
 
 *231
 
 F.Supp. 203, 207 (S.D.N.Y.1989),
 
 affd,
 
 931 F.2d 177 (2d Cir.1991).
 

 This Court holds that Application V should be granted because the Election Officer has comprehensive authority to oversee all aspects of the IBT Elections and the Convention.
 
 See
 
 931 F.2d at 187; 742 F.Supp. at 106; 723 F.Supp. at 207. As the Consent Decree and this Court’s rulings make clear, the Election Officer — and only the Election Officer — may establish the rules that govern the 1996 IBT Election, which must then be approved by this Court. Because the proposed amendment seeks to provide for a debate at the Convention, this amendment impinges upon the Election Officer’s authority. As both the Election Officer and the Government argued, the proposed amendment contradicts Article VIII, section 6 of the
 
 Election Rules
 
 in two respects. First, it impinges on the Election Officer’s authority to schedule and conduct candidate forums by requiring a debate that has not been scheduled or organized pursuant to rules established by the Election Officer. Second, the proposed amendment calls for a debate that will not be overseen by the Election Officer.
 

 Moreover, the Government is correct in arguing that even if the proposed amendment did not directly contradict any of the
 
 Election Rules
 
 or the
 
 Convention Rules,
 
 the proposed amendment would, nonetheless, be invalid. As previously mentioned, the Election Officer has broad and comprehensive authority to oversee all aspects of the IBT Election. This authority includes the power to promulgate rules governing the 1996 Election. The various rules that the Election Officer has promulgated governing the 1996 Election — which all have been reviewed and approved by this Court — constitute a complete and comprehensive set of rules. Any additions or supplements to these rules must come from the Election Officer, and the Convention is not free to enact a proposed change to these Rules — even if the proposed change will promote an open, honest, free election, as Hoffa claims the instant proposed amendment will. As the Second Circuit has held, the Election Officer has “substantial discretion to impose election rules and procedures thát ensure that the upcoming elections are free, fair and informed.” 931 F.2d at 187. In promulgating
 
 Election Rules
 
 and
 
 Convention Rules
 
 that do not provide for the debate contemplated in Hoffa’s proposed amendment, the Election Officer has exercised her discretion and decided that such debate is inappropriate. Such an exercise of discretion is proper under both the Consent Decree and the rulings of this Court and the Second Circuit.
 

 The proposed amendment also is untimely. Pursuant to her authority under the Consent Decree, the Election Officer promulgated both the
 
 Election Rules
 
 and the
 
 Convention Rules. See U.S. v. International Brotherhood of Teamsters,
 
 896 F.Supp. 1349 (S.D.N.Y.1995),
 
 affd as modified,
 
 86 F.3d 271 (2d Cir.1996); 88 Civ. 4486, Order (S.D.N.Y. May 23, 1996). In approving the
 
 Election Rules,
 
 this Court noted that the rules proposed by the Election Officer were “the result of [an] extensive effort to canvas and consult with all interested parties and to consider the lessons learned from the 1991 IBT election experience.” 896 F.Supp. at 1354. Moreover, the Election Officer submitted for this Court’s approval both the
 
 Election Rules
 
 and the
 
 Convention Rules,
 
 and any interested party was free to file an objection to these rules. Hoffa did not seek to win approval for his debate-provision by commenting on the
 
 Election Rules,
 
 filing an objection to the
 
 Election Rules, or
 
 filing an objection to the
 
 Convention Rules.
 
 Rather, he has waited until the eve of the Convention to raise the instant debate issue. Insofar as he has failed to abide by the procedures for commenting on the
 
 Election Rules
 
 or the
 
 Convention Rules,
 
 the proposed amendment is untimely, and an injunction should issue, preventing the implementation of the proposed amendment.
 

 Each of the four objections that Hoffa has raised is meritless. First, Hoffa contends that the instant application should be denied because the Election Officer has failed to demonstrate any irreparable harm. As previously noted, Hoffa contends that the Court need not consider the Election Officer’s objections to the proposed amendment at this time because “[i]f the amendment passes, surely the Court may then consider whether
 
 *232
 
 to vacate it.” (Hoffa’s Memo at 6.) As an initial matter, this objection should be dismissed because Hoffa’s counsel waived this objection at oral argument, stating “it is appropriate that the Court have an opportunity to rule on this issue and get this thing resolved so that we don’t have confusion at the convention.” (Tr. 18.) In addition, this objection is meritless because the Election Officer has made a sufficient showing of irreparable injury. It is uneontested that Hoffa intends to proceed with the proposed amendment unless he receives a judicial determination that such an amendment would violate the Consent Decree and the
 
 Election Rules.
 
 Both the Government and the Election Officer correctly note that seeking a ruling from this Court during the Convention would encumber the election process. The Election Officer stated at oral argument “while the delegates are engaged in trying to determine what they may do and may not do consistent with the consent order at the convention, ... our time [should] not be consumed with questions of what authority the convention delegates have.” (Tr. 8) Similarly, citing this Court’s July 9, 1996, Order — which provides for a stay of the Convention while this Court has time to resolve issues that might implicate the Consent Decree — the Government argues that “[b]y seeking this relief in advance of the convention, it prevents the need for either the election officer or either of the parties to shut down the convention proceeding while seeking [a] determination from the Court.” (Tr. at 11.) Accordingly, this Court holds that the Election Officer has made a sufficient showing of irreparable injury to support the instant application for an injunction.
 

 Second, Hoffa argues that instant application should be denied because the Election Officer failed to satisfy the requirements for bringing a motion by Order To Show Cause before this Court, as specified in this Court’s Individual Rule 5. (Hoffa’s Memo at 6.) Like the previous objection, this objection should be dismissed because Hoffa’s counsel abandoned it at oral argument, stating “[w]e think it is appropriate that the Court has an opportunity to rule on this issue and get this ' resolved so that we don’t have confusion at the convention.” (Tr. 18.) Counsel cannot on the one hand assert that a motion is not properly before the Court and on the other hand assert that it is appropriate for the Court to rule on the motion. In any event, the objection is untimely because this Court already granted the Election Officer’s Order To Show Cause by signing an Order on July 9,1996.
 

 Third, Hoffa contends that this Court should deny the instant application because the proposed amendment does not violate the Consent Decree. (Hoffa’s Memo at 7.) As the previous discussion demonstrates, however, the proposed amendment violates the Consent Decree insofar as it impinges on the Election Officer’s comprehensive authority to oversee all aspects of the election process and to promulgate the rules that govern the IBT Elections. In addition, as the Government correctly notes, Hoffa is mistaken in arguing that the Convention is a supreme authority with respect to Consent Decree matters. The holdings of this Court and the Second Circuit are clearly to the contrary.
 
 See United States v. International Bhd. of Teamsters, et al.,
 
 764 F.Supp. 787, 792 (S.D.N.Y.),
 
 affd,
 
 940 F.2d 648 (2d Cir.),
 
 cert. denied,
 
 502 U.S. 819, 112 S.Ct. 76, 116 L.Ed.2d 50 (1991).
 

 Fourth, Hoffa contends that the relief requested in the instant application is an improper prior restraint on Hoffa’s right to freedom of speech. (Hoffa’s Memo at 8.) This objection should be dismissed because Hoffa’s attorney waived this objection at oral argument. (Tr. 19.) In addition, this argument is meritless because the application seeks an injunction that would in no way encumber any IBT member’s right to free speech. The requested injunction neither prohibits debate regarding the amendment nor prohibits the delegates from amending the IBT Constitution to provide for candidate debates at future IBT Conventions. Rather, the requested injunction would only prevent the delegates from implementing the proposed amendment and applying the amendment to the 1996 IBT Convention. Accordingly, the proposed injunction does not encumber any speech, and the instant objection is meritless.
 

 
 *233
 
 Finally, it should be noted that in a submission to the Election Appeals Master appointed by this Court, Hoffa’s counsel asserted that the Election Officer had no authority to object to proposed amendments to the IBT Constitution. Counsel stated that “[t]he Election Officer has no responsibility or authority to object to proposed constitutional amendments under consideration by the ‘supreme governing authority’ of the Union. Her actions here effectively usurp the ‘supreme’ authority of the Convention and the authority of the United States Attorney.” (Letter from Bradley T. Raymond, Esq. to Kenneth Conboy, Esq., Election Appeals Master at 3 (July 2, 1996) (Attached as Exhibit 7 to Declaration of Barbara Zaek Quindel in Support of Election Officer Application V (July 8, 1996)).) Hoffa did not raise this argument in his memorandum of law, and at oral argument, Hoffa’s counsel stated that he was not raising this argument before this Court. (Tr. 20-22.) Even if Hoffa’s papers could somehow be interpreted as raising this argument, however, the argument is merit-less because the Election Officer’s broad authority to oversee all aspects of the election process includes the power to object to proposed amendments to the IBT Constitution that impinge on her authority.
 

 CONCLUSION
 

 IT IS HEREBY ORDERED THAT Election Officer Application V is GRANTED.
 

 IT IS FURTHER ORDERED THAT the IBT and any members thereof are enjoined from interfering with the Election Officer’s supervisory authority by attempting to implement a constitutional amendment that convenes or compels a debate among candidates for International office during the 1996 IBT International Convention.
 

 SO ORDERED.